IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE JONES, | ) | |
| on behalf of himself and the | ) | |
| class members described below, | ) | 10-cv-7954 |
| | ) | The Honorable Blanche M. Manning |
| Plaintiff, | ) | |
| v. | ) | The Honorable Magistrate Geraldine |
| | ) | Soat Brown |
| RORY VOHWINKEL, doing business as | ) | |
| ROVO & ASSOCIATES; and | ) | |
| NORTH AMERICAN ASSET SERVICES | ) | |
| LLC, doing business as | ) | |
| FRONTIER FINANCIAL GROUP; | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL JOINT STATUS REPORT

1. A brief summary of the claims asserted in the complaint and any counterclaim or third party complaint:

Plaintiff Andre Jones filed this putative class action lawsuit alleging unlawful credit and collection practices by defendants Rory Vohwinkel, doing business as Rovo & Associates ("Vohwinkel"); and North American Asset Services LLC, doing business as Frontier Financial Group ("Frontier"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

Plaintiff alleges that Defendants violated the FDCPA because defendant Frontier sent attorney letters purporting to come from an attorney who actually had no professional involvement with the matter, thereby violating 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), §1692e(3), §1692e(5), §1692e(10), and §1692e(14). Plaintiff alleges that Defendant Rory Vohwinkel violated 15 U.S.C. §1692j by authorizing the use of his "letterhead".

Plaintiff also alleges that defendants violated 15 U.S.C. §1692e(2), §1692e(5), §1692e(10), §1692f and §1692f(1) by attempting to collect illegal payday loans, falsely representing such loans to be enforceable debts and by threatening to file suit to enforce such loans when they were legally unenforceable.

Plaintiff alleges that Defendant Frontier violated the ICAA. Plaintiff alleges that Frontier violated the following provisions of 225 ILCS 425/9: (20), (22), (28) and (31), by sending the "attorney letter" to Plaintiff and the class. Plaintiff also alleges in Count IV of his complaint that defendant Frontier violated the following provisions of 225 ILCS 425/9: (20), (26) and (31).

  Plaintiff alleges that defendant Frontier violated the ICFA by engaging in both unfair and deceptive acts and practices in violation of §2 of the ICFA by attempting to collect illegal payday loans, by falsely representing such loans to be legally enforceable debts and by threatening to file suit to enforce such loans when they were legally unenforceable.

  Defendants deny the allegations in the complaint, and further assert that Plaintiff's claims are inappropriate for a class action resolution, as they lack sufficient numerosity and commonality, and Plaintiff is not an adequate class representative.

  Plaintiff contends that Defendants' position is baseless.

2. A brief statement of the relief sought, including an itemization of damages.

  Plaintiff seeks (1) An injunction restraining defendant from receiving or attempting to collect money on account of loans made by unlicensed lenders to Illinois residents; (2) Disgorgement of all amounts collected by defendant from members of the class; (3) Nominal and punitive damages; (4) Attorney's fees, litigation expenses and costs of suit; (5) Actual damages, including all amounts collected by Defendants from members of the class, and (6) Statutory damages.

3. A brief description of the matter referred to the magistrate judge.

  Defendants filed a motion to stay briefing on the motion for class certification and for referral to a magistrate for settlement purposes, as Defendant Frontier has been in existence for less than three years and has less than $100,000.00 in assets, and Defendant Vohwinkel is an individual attorney with net assets of less than $100,000.00. Defendants' Motion was granted, and this matter was referred to the magistrate for settlement purposes. Plaintiff's position is that he lacks sufficient information to engage in good faith settlement discussions at this time. Plaintiff has requested documentation from the Defendants that would substantiate their representations regarding net worth. Plaintiff has also requested the number of class members for each class and the amount of monies collected from the putative class members. This is essential information that Plaintiff requires before engaging in settlement negotiations.

4. The status of any briefing on the matters referred.

  Currently, there are no matters being briefed.

5. If the case has been referred for discovery matters, a description of the discovery that has been completed and the future discovery contemplated, including identifying: (a) the depositions that have been taken; (b) the depositions that have been scheduled and the dates set; and (c) any other discovery contemplated.

  Although this matter was not referred to the magistrate for discovery matters, the parties will engage in informal discovery to aid in settlement.

6. Whether the parties will consent to trial before a magistrate judge.

    Unknown at this time.

7.    Any dates or deadlines established by the district judge for discovery cut-off, submission of pretrial order or trial.

    Defendants must answer or otherwise plead by April 1, 2011. A status hearing is set for April 5, 2011 at 11:00 a.m., at which time the court will consider whether to reinstate the motion to certify the class or to continue the stay.

8.    The status of settlement negotiations, if any.

    Plaintiff provided a request for information to Defendants on February 17, 2011[1]. Defendants are gathering that information and will provide some of that information to Plaintiff by March 4, 2011. Additional time is needed for Defendants to gather the remaining information. Plaintiff is unable to comply with this Court's Standing Order regarding the settlement position letter until the requested information is received.

Date: March 1, 2011


| s/Tiffany N. Hardy | s/Christopher T. Sheean |
|---|---|
| Tiffany N. Hardy | Christopher T. Sheean |
| Counsel for Plaintiff | Counsel for Defendants |

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Tiffany N. Hardy  
EDELMAN, COMBS, LATTURNER  
    & GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

Christopher T. Sheean  
Amy Z. Knapp  
SWANSON, MARTIN & BELL, LLP  
330 N. Wabash Ave., Suite 3300  
Chicago, IL 60611  
(312) 321-9100  
(312) 321-0990 (FAX)

---

[1] Plaintiff sent a letter on January 19, 2011 requesting this information from Christopher W. Carson, who contacted Plaintiff as counsel for Defendant Frontier.

## CERTIFICATE OF SERVICE

      I, Tiffany N. Hardy, hereby certify that on March 1, 2011, I caused to be filed the foregoing documents via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

Christopher T. Sheean
csheean@smbtrials.com

Amy Z. Knapp
aknapp@smbtrials.com

                                                   s/Tiffany N. Hardy
                                                   Tiffany N. Hardy